**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHABOT-LAS POSITAS COMMUNITY COLLEGE DISTRICT,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LISA P. JACKSON, Administrator, Environmental Protection Agency,<br><br>Respondents,<br><br>RUSSELL CITY ENERGY COMPANY, LLC,<br><br>Respondent-Intervenor. | No. 10-73870<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Environmental Appeals Board

Argued and Submitted April 19, 2012
San Francisco, California

Before: GOODWIN, REINHARDT, and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Petitioner Chabot Community College District ("College District") seeks review of a federal Prevention of Significant Deterioration ("PSD") permit issued to the Russell City Energy Center ("RCEC"), by the Bay Area Air Quality Management District ("Air District"), on behalf of the Environmental Protection Agency ("EPA"), pursuant to section 165 of the Clean Air Act ("CAA"), 42 U.S.C. § 7475. It claims that the Air District erred as a matter of law by declining to regulate the criteria pollutant 24-hour PM-2.5[1] and acted arbitrarily in failing to require an auxiliary boiler as Best Available Control Technology ("BACT"). The Air District seeks review of these decisions and of the Environmental Appeals Board's ("EAB") order affirming them. The College District also argues that: (1) the EPA failed to satisfy its obligations under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-99, by not including Pacific Gas & Electric's ("PG&E") neighboring power line reconductoring project as part of its section 7 consultation; and (2) the Air District failed to procure the necessary state certification of RCEC's consistency with the Coastal Zone Management Act ("CZMA"), 16 U.S.C. § 1451–64, as required by 16 U.S.C. § 1456(c)(3)(A).

---

[1]24-hour PM-2.5 refers to particulate matter under two-and-one-half microns in diameter emitted during a 24-hour period.

Respondents EPA and Intervenor Russell City Energy Company, LLC ("Russell City") argue that the College District lacks standing to bring its claims, which, in any event, they characterize as meritless. We have jurisdiction under 42 U.S.C. § 7607(b)(1) to consider a timely filed petition for review of a PSD permit, and we hold that the College District has standing to challenge the Air District's decision not to regulate 24-hour PM-2.5, but deny the petition for review. We further hold that the College District lacks standing to pursue its other claims.

We turn first to standing. The College District has standing to pursue its claim under the CAA concerning the Air District's failure to regulate 24-hour PM-2.5 in the PSD permit. The College District, through the Declaration of Chancellor Kinnamon, has alleged both economic and proprietary injuries that will occur as a result of 24-hour PM-2.5 emissions from RCEC. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004). These injuries, therefore, are fairly traceable to the Air District's decision not to regulate 24-hour PM-2.5 and can be redressed by a favorable decision of this Court ordering the Air District to do so. *See Massachusetts v. Envtl. Prot. Agency*, 549 U.S. 497, 524 (2007).

The College District, however, lacks standing to challenge the Air District's BACT determination. It argues that the Air District erred by concluding that an auxiliary boiler was not cost-effective as BACT. Even if we determined this was

error, it would not redress the College District's injuries.  The College District's alleged injuries stem solely from emissions of 24-hour PM-2.5, but an auxiliary boiler would reduce only Carbon Monoxide emissions.

The College District also does not have standing to bring its ESA and CZMA claims.  In both claims, the College District argues that the EPA failed to follow required procedures.  Accordingly, the College District alleges a procedural, rather than substantive, injury.  *See, e.g.*, *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008); *City of Sausalito*, 386 F.3d at 1197.  "[A] plaintiff asserting a procedural injury must show that the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing." *Salmon Spawning*, 545 F.3d at 1225 (internal quotation marks omitted).  The College District has not satisfied this requirement, as the interests that the ESA and CZMA procedures in question seek to protect—preservation of endangered species and coastal zone maintenance—are unrelated to the College District's concrete economic and proprietary interests—maintaining tuition revenues and providing an education in a healthy environment.  *See id.* at 1225.

Turning to the merits, the Air District's decision not to regulate 24-hour PM-2.5 after the EPA reclassified it as nonattainment for the Bay Area was not "plainly erroneous or inconsistent with the regulations." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks omitted). To the contrary, the Air District's decision was in line with well-established precedent holding that the PSD permitting program applies only to new major sources of pollutants that are in attainment or are unclassifiable. 40 C.F.R. § 52.21; *see e.g.*, *Alaska Dep't of Envtl. Conservation v. Envtl. Prot. Agency*, 540 U.S. 461, 472 (2004) ("The PSD program imposes on States a regime governing areas designated pursuant to 42 U.S.C. § 7407 *as attainment or unclassifiable.*" (emphasis added) (internal quotation marks and alterations omitted)); *Great Basin Mine Watch v. Envtl. Prot. Agency*, 401 F.3d 1094, 1096 (9th Cir. 2005) ("In *attainment and unclassifiable areas*, the PSD program attempts to maintain the relatively clean air by limiting the total pollution 'increment' per year.") (emphasis added). The EAB therefore did not err in affirming the Air District's decision not to regulate 24-hour PM-2.5 and, as a result, dismissing as moot the College District's substantive challenges to the Air District's air-quality analysis of 24-hour PM-2.5.

**We DENY the petition for review as to the 24-hour PM-2.5 claim under the CAA, and we DISMISS the remaining claims for lack of standing.**